## C. W. DICKEY v. HAWAIIAN TRAMWAYS COMPANY. [No. 3771.]

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 29, 1896.           DECIDED JULY 24, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

A street railway company which is prohibited by law from charging more than five cents for each passenger using its cars within certain limits, cannot, by causing a change of cars within those limits, acquire the right to charge an additional fare.

OPINION OF THE COURT BY WHITING, J.

On exceptions taken by defendant to a judgment of the First Circuit Court in favor of plaintiff in an action to recover the sum of one hundred dollars being amount of penalty provided for by Section 9, Chap. 34, Laws of 1884, for an overcharge of fare on a car of a street railway operated by defendant in Honolulu.

On June 3rd, 1896, the plaintiff entered a car operated by the defendant on Nuuanu street in Honolulu near School street, and travelled on said car as a passenger along Nuuanu street to Queen street thence along Queen street to the corner of Queen street and Fort street. On this car plaintiff paid a fare of five cents. This car stopped at the corner of Queen and Fort streets and returned by the same route. The plaintiff requested of the driver of the car a transfer to the car going up Fort street and on Beretania street; the driver refused the transfer; thereupon plaintiff entered the first car going up Fort street which left about three minutes after the arrival of the Nuuanu street car and upon the demand of the driver of this car paid an additional five cents fare, making in all ten cents demanded and paid on this occasion to the employe of the defendant company.

A franchise was granted to W. R. Austin, his associates and assigns to construct and maintain a street railway upon certain streets in Honolulu by Chap. 34, Laws of 1884. This Act was amended and re-enacted by Chap. 18, Laws of 1886. An extension of time within which to complete the road was granted by Chap. 23, Laws of 1888. Privilege to construct and maintain the line upon streets other than those mentioned in the above Acts was given by Chap. 54, Laws of 1888. The defendant company operates the tramway in Honolulu and holds its franchise under said Acts.

Section 12, Chapter 34, Laws 1884, provides:

"The rates of fare for each passenger upon the said railroad shall not exceed five cents for each passenger using said cars to and within Judd street, the Industrial School and to and within Punahou street, and ten cents for each passenger using said cars beyond the last mentioned points."

Section 9 of said Chapter 34, provides:

"If said railroad, or any agent, or employe thereof, shall demand or charge a greater sum of money for fare on the cars of said railroad, than that fixed by this bill, said railroad or such

agent or such employe shall forfeit to the person, who is thus overcharged, the sum of one hundred dollars to be recovered in a civil action in any court having jurisdiction thereof."

Prior to 1888, the tramways were run under the Act of 1884, and there were three distinct routes, the one from Judd street or near there down Nuuanu street to the city front (northerly and southerly being the general direction); the other one was on Beretania street (easterly and westerly), and the third one on King street (parallel to Beretania street) running between the Industrial School and the Rifle Range near Punahou street (easterly and westerly). The Beretania street line turned into Fort street and ran southerly to the city front parallel with Nuuanu street.

The defendant charged the public a five-cent fare on each of those routes, there being at that time no connection. In 1888, the legislature permitted the company to form a connection between Nuuanu street and Fort street on Queen street, and from 1892 this junction was perfected and passengers were carried from Judd street on Nuuanu down Nuuanu to Queen street, along Queen to Fort street, up Fort to Beretania and along Beretania to Punahou, making one continuous trip. This was within the limits fixed by Section 12, Chapter 34, Laws 1884, for a five-cent fare.

After the bringing of the former action by the plaintiff (a decision wherein was filed July 22, 1896, and marked No. 3770 for identification), the defendant company abandoned the connection, and stopped the Nuuanu car on Queen street at the corner of Fort street, which car it caused to return over the same route to Judd street. It, however, ran a car passing up Fort street to Beretania street to Punahou, and still maintained its continuous track connection by a turn or curve from Queen into and up Fort street. The defendant maintains all the necessary curves to form a continuous rail or track from Judd street to Queen, to Fort and Beretania streets, to Punahou.

This is made a test case, the facts being agreed upon by the parties.

The claim in this case is that the defendant has the right to sever a connection which they were not obliged to make, and, there being no longer one continuous trip, that passengers are liable for two fares.

The system of the street railway in Honolulu operated by defendant is a general one and all its lines make connections, and, in nearly all, by means of curves, a continuous track or rail is laid so that a continuous trip can be made from point to point within the limits of the five-cent fare. The statute does not give the right to the defendant to treat any one line as a single road. The statute is clear and not ambiguous, and shows that a passenger traveling on the cars within the limits stated by said Section 9, Chap. 34, can only be charged a fare of five cents. The company must regulate its business in accordance with the terms of the statute granting its franchise, and it has power and right to make reasonable regulations for the government and carrying of its passengers and the collection of fares and the conduct of its business. But the fact that it neglects or refuses to make suitable regulations to protect itself against fraud by passengers, does not permit it to charge a fare in excess of that allowed by law. It being within its power to carry passengers within the specified boundaries on a continuous trip, it cannot by a mere division of this trip by causing a change of cars at any particular point acquire the right to make a second charge of fare for the same trip.

It is clear that the company was entitled to charge but one fare of five cents in this case. By a mere change of cars the company does not become entitled to an additional fare. A person traveling on the cars of the defendant, however, must be a *passenger* and must make a continuous trip so far as practicable and this from one point within the limits specified to another point therein, and he is not entitled to a return upon the road for the one fare for it would not be the same trip.

Exceptions overruled.

*L. A. Dickey & S. M. Ballou*, for plaintiff.

*P. Neumann* and *G. A. Davis*, for defendant.