# LYLE A. DICKEY v. HONOLULU RAPID TRANSIT and LAND COMPANY.

## EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

### SUBMITTED NOVEMBER 5, 1903.   DECIDED NOVEMBER 19, 1903.

### FREAR, C.J., GALBRAITH AND PERRY, JJ.

A passenger on the cars of the Honolulu Rapid Transit and Land Company may not lawfully be charged more than five cents for a continuous ride from the corner of King and Keeaumoku Streets, along King, McCully, Beretania and Alexander Streets to Wilder Avenue. Such a passenger is entitled, without the payment of an extra fare, to transfer from the King Street to the McCully Street line and to receive a transfer ticket therefor.

#### OPINION OF THE COURT BY PERRY, J.

The plaintiff sues, under section 9 of Act 69 of the Laws of 1898, to recover of the defendant the sum of one hundred dollars for an overcharge alleged. to have been made by the defendant on April 7, 1903, while the plaintiff was a passenger on its cars. On the day named the defendant was operating in the District of Honolulu, under Act 69, the following lines of street railway: (1) from Kalihi, along King Street to McCully Street, across the McCully Tract, along Waikiki Road and through Kapiolani Park to Diamond Head; (2) from the corner of Liliha and Wyllie Streets, down Liliha Street, along King, Hotel, Alapai, Lunalilo and Pensacola Streets, along Wilder Avenue and Alexander, Beretania and McCully Streets to King Street; and (3) from Wilder Avenue, along Punahou Street into Manoa Valley. At the corner of McCully and King Streets, the overhead

wires were not connected. The plaintiff entered an east-bound car of the defendant on King Street at the corner of Keeaumoku, paid five cents as his fare and asked for a transfer ticket to a car going *mauka* on McCully Street. This request was refused. At the corner of King and McCully Streets the plaintiff left the King Street car and entered the first car on McCully Street going *mauka* and left the latter at the corner of Wilder Avenue and Alexander Street. While on the last mentioned car the plaintiff was charged and paid an additional sum of five cents as fare. It is for this alleged overcharge that the action is brought. The facts of the case are undisputed and the only question is whether under the provisions of Act 69 the defendant could lawfully refuse to give the transfer ticket demanded and charge an additional fare on McCully Street.

The applicable portion of the Act reads as follows:

"Section 9. 1st. Any person riding upon the cars of said railway shall be liable to pay for such transportation the following rates: For a continuous ride anywhere between Diamond Head and Moanalua, or *makai* of a line drawn parallel to the sea coast, and one and a half miles distant therefrom, not to exceed five cents, provided that children under seventeen years of age in going to and from school, shall not be required to pay over half fares, for which purpose tickets shall be issued.

"2nd. For transportation without said limits such rate shall be charged as said association and others shall, from time to time, fix, subject to the approval of the Governor.

"3rd. Upon a continuous trip, persons riding upon the cars and transferring from one car to another, upon a connecting line within the limits above mentioned, shall be entitled to a transfer ticket without the payment of an extra fare upon the lines of this railway.

"4th. The said association and others shall make reasonable and just regulations with the consent and approval of the Governor regarding the maintenance and operation of said railway on and through said streets and roads; and the said association and others failing to make such rules and regulations, the Superintendent of Public Works with the approval of the Governor may make them. All rules and regulations may be changed from time to time as the public interests may demand at the discretion of the Governor.   *   *   *   *   *   *   *   *

"If said association and others, or any agent or employee thereof, shall demand or charge a greater sum of money for fare on the cars of said association and others than that fixed by this Act, such association and others, or such agent or employee shall forfeit to the person who is thus overcharged the sum of one hundred dollars, to be recovered in a civil action in any court having jurisdiction thereof."

The ground traversed by the plaintiff in his ride was wholly between Moanalua on the west and Diamond Head on the east and is conceded to have been wholly *makai* of a line drawn parallel to the sea-coast and one and a half miles distant therefrom. It was entirely within the outer geographical limits prescribed by the first subdivision of the section. There is no requirement that each five-cent ride shall be in one general direction. A limitation as to direction may perhaps be inferred from the use of the word "trip" in subdivision 3 and the word "ride" in subdivision 1. It may be that these words of themselves should be held to indicate an intention on the part of the legislature to prevent the taking of a return trip for the one fare (see *Dickey v. Haw. Tramways Co.*, 10 Haw. 387, 390); but it is unnecessary to pass upon that point in this case, for the plaintiff did not attempt to take a return trip. He traveled in one general direction only, away from his starting point, as much so as if he had continued to the Manoa Valley terminus of the line. Nor need we say how much beyond the corner of Wilder Avenue and Alexander Street the plaintiff could have ridden before the company could have lawfully charged him an additional fare; it is sufficient for the purposes of this case to say that the ride which he did take was well within all the limitations prescribed by the statute.

The main argument for the defendant is that to uphold the plaintiff's contention is to enable a passenger to ride "around and around" for a single fare or at least to open the door for fraud of that kind. We do not hold that a passenger may so ride. As to the possible perpetration of fraud, the company is authorized by the statute to make, with the approval of the Governor, reasonable rules and regulations to prevent it and its offi-

cers and employees will no doubt be able to devise such rules as will prove effective to carry out that purpose and prevent passengers from riding beyond the point to which they may lawfully ride for one fare.

The plaintiff's ride was a continuous one, and the line to which a transfer was demanded was a connecting line within the meaning of the statute. The mere fact that the overhead wires were not then connected at that corner would not, of course, render the McCully Street line any the less a connecting line (see *Dickey v. Haw. Tramways Co., supra,* and *Haw. Tramways Co. v. Sturdevant,* Ib. 597, 599); nor can the company by a mere rule make a line a connecting one for some purposes and a non-connecting one for other purposes. Its power to make rules is always subject to the limitation that such rules must not conflict with the other provisions of the statute.

The exceptions are sustained, the judgment set aside and the case remanded to the Circuit Court with directions to render judgment for the plaintiff for the amount claimed.

Plaintiff in person.

*Castle & Withington* for the defendant.