JOSHUA C. AGSALUD, Director of the Department of Labor and Industrial Relations, Appellant, *v.* DONNIE R. BLALACK and UNITED AIRLINES, Appellees

NO. 9690

(CIVIL NO. 75443)

APRIL 29, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY HAYASHI, J.

Claimant, Donnie R. Blalack (Blalack) was employed by United Airlines for many years before he was released subject to recall by United Airlines based on seniority. As an employee who had been released, Blalack was entitled to twelve weeks of severance pay.[1] Blalack also received medical and dental coverage and flight benefits for 90 days after termination.

After being released, Blalack filed for unemployment compensation. He was denied compensation because he was not unemployed. Blalack filed an appeal which was heard before a referee. The referee held that Blalack was unemployed. On appeal, the circuit court agreed with the referee. The Department of Labor and Industrial Relations (DLIR) then filed a timely appeal to this court. Upon a careful review of the record, we hold that Blalack was unemployed. Accordingly, we affirm.

I.

For an individual to be unemployed in any week, two conditions must be met: 1) claimant must perform no services in that week;

---

[1] United employees are entitled to one week of severance pay for every year they are employed up to a maximum of twelve weeks.

and 2) that no wages or other remuneration similar to vacation, sickness or holiday pay, are payable with respect to that week. *Hawaii State Teachers Association v. Department of Labor and Industrial Relations,* 56 Haw. 590, 593, 546 P.2d 1, 4 (1976); Hawaii Revised Statutes (HRS) § 383-1(16) & (19). There is no question that Blalack performed no services during the weeks in question. The DLIR and United Airlines argue that Blalack fails to meet the second prong of the test because he received severance payments.

### A.

Severance pay is excluded from the definition of wages. Wages do not include:

> The amount of any payment (including any amount paid by an employer into a fund to provide for such payment) made after April 1, 1956, to or on behalf of an employee under a written agreement, contract, trust arrangement, or other instrument, which makes provision for his employees generally or for a class or group of his employees, for the purpose of supplementing benefits paid under this chapter or providing benefits based on wages paid for excluded services.

HRS § 383-11(9). Severance payments fall within this exception. The California Supreme Court held that severance payments are made for the purpose of supplementing unemployment compensation. *Powell v. California Department of Employment,* 65 Cal. 2d 103, 107-08, 403 P.2d 392, 395-96, 45 Cal. Rptr. 136, 139-40 (1965). Our understanding of severance pay gives rise to the same conclusion. Severance payments cannot be considered wages for purposes of HRS § 383-1(16).

### B.

Severance payments are also not remuneration similar to vacation, sickness or holiday pay. Vacation, sickness and holiday pay are remuneration within the employment context. Severance payments, by definition, are payments made upon severance of the employment relationship. Since severance payments are made outside of the employment context, they are not similar remuneration.

DLIR and United Airlines argue that administrative regulation

12-5-1 brings severance pay within similar remuneration. Administrative Rule 12-5-1 defines similar remuneration as:

1) The remuneration and time away from the active performance of services is accrued pursuant to the contract of hire or terms and conditions of work based upon past weeks during which services were performed within the employment relationship; and

2) That the employment relationship continues during the time with respect to which such remuneration is payable.

DLIR and United Airlines' argument is without merit.

It is axiomatic that an administrative rule cannot contradict or conflict with the statute it attempts to implement. *Pacific Legal Foundation v. California Unemployment Insurance Appeals Board,* 29 Cal. 3d 101, 111, 624 P.2d 244, 248, 172 Cal. Rptr. 194, 198 (1981); *Mooney v. Pickett,* 4 Cal. 3d 669, 679, 483 P.2d 1231, 1237, 94 Cal. Rptr. 279, 285 (1971). While an administrative interpretation of a statute will normally be given great weight, Administrative Rule 12-5-1 would conflict with HRS § 383-1(19) if it were to expand similar remuneration beyond the class of payments similar to vacation, sickness and holiday pay.

Given a construction of Administrative Rule 12-5-1 that would avoid a conflict with HRS § 383-1(19), the language of the rule does not expand the scope of similar remuneration. According to the regulation, similar remuneration requires that the employment relationship continue during the time payments were made. Administrative Rule 12-5-1(2). Here, the employment relationship had ended. United Airlines had terminated the relationship. There are simply no *indicia* of the employment relationship. United Airlines had no right to control Blalack's activities. Blalack was free to offer his services to another employer. Despite the fact that Blalack retained certain benefits that were negotiated under a union contract, Blalack had no job.

DLIR and United Airlines put great weight on the fact that Blalack had the right to be recalled based on seniority.[2] DLIR and United Airlines argue that the right of recall causes the employ-

---

[2] United Airlines was under a duty to recall former employees before it attempted to hire new people for any positions that became open.

ment relationship to continue. DLIR and United Airlines' position would lead to the absurd result that Blalack would never receive unemployment compensation no matter how long he was unemployed. An individual is eligible for unemployment compensation only when the employment relationship has terminated. HRS § 383-29(a). If the right to recall causes the employment relationship to continue, an individual would not be able to receive compensation even if he is never recalled. Such a result was never intended by the legislature. Hawaii's Employment Security Law was enacted "for the beneficent and humane purpose of relieving the stress of economic insecurity due to unemployment." *Camara v. Agsalud,* 67 Haw. 212, ___, 685 P.2d 794, 797 (1984). Given this purpose, we must reject DLIR and United Airlines' argument as it would unduly narrow the coverage of the statute. *See, id.* at ___, · 685 P.2d at 797. The right of recall does not cause the employment relationship to continue.

HRS § 383-11(9) excludes Blalack's severance payments from the definition of wages. Further, the severance payments cannot be considered remuneration similar to vacation, sickness and holiday pay. Therefore, Blalack is unemployed for purposes of Hawaii's unemployment compensation laws. The decision below is affirmed.

*Dwight K. Nadamoto,* Deputy Attorney General, for appellant.

*Richard M. Rand, (Ernest C. Moore, III,* with him on the brief; *Torkildson, Katz, Jossem & Fonseca* of counsel) for appellee United Airlines.

*Gordon Miwa,* for appellee Blalack.