HYATT CORPORATION dba Hyatt Regency Waikiki at Hemmeter Center, Plaintiff-Appellant *v.* HONOLULU LIQUOR COMMISSION; and MEL W. S. CHOW, LAURENCE AH NEE, MASATO TSUJIMURA, EUGENIA YUEN and JOHN W. EDWARDS, SR., in their official capacities as Liquor Commission Members, Defendants-Appellees

NO. 11691

(CIVIL NO. 86-1871)

JUNE 30, 1987

LUM, C.J. NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

Plaintiff-Appellant Hyatt Corporation (hereinafter referred to as "Hyatt") appeals from an order of the Circuit Court of the First Circuit dismissing its complaint for declaratory and injunctive relief. In the court below, Hyatt had sought to enjoin the Honolulu Liquor Commission (hereinafter referred to as the "Commission") from enforcing Rule 7-21, an administrative rule adopted by the Commission prohibiting liquor licensees from engaging in discriminatory practices.

In this appeal, Hyatt contends the circuit court erred in determining the Commission possessed the requisite authority to adopt a rule prohibiting racial discrimination. Because of the exceptionally broad authority granted to the Commission by statute, the substantial deference to which the Commission's interpretation of the statute is entitled and the strong public policy against racial discrimination recognized by this State, we affirm.

I.

On March 11, 1985, the Honolulu Liquor Commission promulgated Rule 7-21. Rule 7-21 provides:

Unlawful Discrimination. (a) No licensee whose premises are open for business to the general public shall refuse, withhold from, or deny to any person, the full and equal enjoyment of any of the licensee's accommodations, advantages, facilities,

goods, privileges, or services on the basis of that person's race, religion, sex or ancestry.[1]

On April 2, 1986, the Commission issued three Notices of Hearing to Hyatt alleging violations of the rule in connection with its operation of Spats, a food and beverage outlet which serves alcohol. The Notices charged Hyatt with discriminating in refusing admission and service to certain individuals on the basis of their race. On May 19, 1986, Hyatt filed an action for declaratory and injunctive relief with the Circuit Court of the First Circuit. Hyatt sought to have Rule 7-21 declared void and unenforceable on the basis that in adopting the rule the Commission exceeded the powers it had been granted by statute.

On July 7, 1986, a hearing was held before the circuit court. On September 18, 1986, the court rejected Hyatt's claims and adopted the Commission's proposed Findings of Fact, Conclusions of Law and Decision and Order. This appeal followed.

II.

We begin our inquiry by recognizing that if the adoption of Rule 7-21 was not authorized by statute, the rule is void and cannot be enforced. *Jacober v. Sunn*, 6 Haw. App. ___, ___, 715 P.2d 813, 819 (1986) (agency "may not enact rules and regulations which enlarge, alter, or restrict the provisions of the act being adminis-

---

[1] The remainder of Rule 7-21 reads:

(b) For purposes of this Rule, any licensee that caters, sells, extends, offers, or otherwise makes available to the general public its accommodations, advantages, facilities, goods, privileges, or services, for a fee or charge shall be deemed to be open for business to the general public.

(c) This Rule shall not apply to clubs which are not in fact open to the general public, except to the extent that the accommodations, advantages, facilities, goods, privileges, or services of the club are made available to the general public.

(d) Nothing in this Rule shall be construed or interpreted to prohibit a licensee from the right to deny service to any person for failure to conform to the usual and regular requirements, standards, and regulations for the licensed premises so long as said denial, requirements, standards, and regulations are uniformly applied to all persons without regard to race, religion, sex, or ancestry.

Rules of the Liquor Commission of the City & County of Honolulu, State of Hawaii.

tered") (Department of Social Services and Housing rule held void and unenforceable because of conflict with the intent of the statute being implemented). "It is axiomatic that an administrative rule cannot contradict or conflict with the statute it attempts to implement." *Agsalud v. Blalack,* 67 Haw. 588, 591, 699 P.2d 17, 19 (1985) (Department of Labor and Industrial Relations ["DLIR"] rule found not to conflict with statute being administered).

## A.

The problems associated with intoxicating liquor have been a matter of concern for legislative bodies in this country for over three centuries. See 45 Am. Jur. 2d, *Intoxicating Liquors* § 1 (1969).

> [B]ecause of the nature of intoxicating liquor and the enormous problems developed by the traffic in them, the police power of the State in this area of human activity has been recognized, consistently with any and all aspects of constitutional limitations, to be the most fulsome embodied in the concept of sovereignty.

*B.P.O.E. Lodge No. 2043 of Brunswick v. Ingraham,* 297 A.2d 607, 611 (Me.), *appeal dismissed* (for want of a substantial federal question) 411 U.S. 924, 93 S. Ct. 952, 35 L. Ed. 2d. 265 (1972). *See Crane v. Campbell,* 245 U.S. 304, 307, 38 S. Ct. 98, 99, 62 L. Ed. 2d 304, 309 (1917).

> "The [Hawaii State] legislature has vested unusually broad discretionary powers in the liquor commissions, and the extent of the grant of power and discretion has pertained consistently throughout the history of the Hawaii intoxicating liquor law[.]" H. Wattel & P. Putnam, *Intoxicating Liquor Laws in Hawaii and the Industry,* at 31-32 (Leg. Ref. Bureau Rep. No. 2, 1969).

The legislature provided for the creation of liquor commissions in each of the counties.[2] Section 281-17 delineates the extent of the

---

[2] *See* HRS § 281-11 (1985).

State legislatures, having the right to regulate or prohibit the business of trafficking in intoxicating liquor, may delegate to [a commission] the power to determine facts and conditions upon which the operation of a statute relating to the liquor traffic depends, without violating the constitutional prohibition against the delegation of legislative functions.

45 Am. Jur. 2d *Intoxicating Liquors* § 26 (footnote omitted).

Commission's authority. In relevant part, the statute provides:

> *Jurisdiction and powers.* The liquor commission, *within its own* county, shall have the sole jurisdiction, power, authority, and discretion, subject only to this chapter:
>
> . . . .
>
> (3) From time to time to make, amend, and repeal such rules, not inconsistent with this chapter, as in the judgment of the commission seem appropriate for carrying out this chapter and for the efficient administration thereof, and the proper conduct of business of all licensees, including every matter or thing required to be done or which may be done with the approval or consent or by order or under the direction or supervision of or as prescribed by the commission; which rules, when adopted as provided in chapter 91 shall have the force and effect of law[.]

HRS § 281-17.

Hyatt contends the Commission's authority to make rules should be construed as being limited to those subjects which have been specifically referenced in the other provisions comprising Chapter 281. It is true that the legislative history to Chapter 281 makes no reference to racial discrimination. However, limiting the Commission's authority as proposed by Hyatt flies in the face of the explicit statutory language granting the Commission the "sole jurisdiction, power, authority, and discretion" to adopt rules "not inconsistent with this chapter, as in the judgment of the commission seem appropriate for carrying out this chapter and for the efficient administration thereof, and the proper conduct of business of all licensees." HRS § 281-17.[3]

> [It] is a well established rule of statutory construction that, where an administrative agency is charged with the responsibility of carrying out the mandate of a statute which contains

---

[3] Although this court has rejected an approach to statutory construction which limits it to the words of a statute, no matter how clear they may appear on perfunctory review, it is still fundamental that the starting point for interpreting a statute is the language of the statute itself. *State v. Lo,* 66 Haw. 653, 659, 675 P.2d 754, 758 (1983). Where, as here, there is no clearly expressed legislative intention to the contrary, the language must ordinarily be regarded as conclusive. *See id.* The Commission's rule-making powers are expressly declared to extend into "the proper conduct of business of all licensees."

words of broad and indefinite meaning, courts accord persuasive weight to administrative construction and follow the same, unless the construction is palpably erroneous. *Estrin v. Moss,* 221 Tenn. 657, 430 S.W.2d 345 (1968); *Udall v. Tallman,* 380 U.S. 1 (1965); *Norwegian Nitrogen Products Co. v. United States,* 288 U.S. 294 (1933).

*Treloar v. Swinerton & Walberg Co.,* 65 Haw. 415, 424, 653 P.2d 420, 426 (1982) (administrative construction of statute made in ruling by Director of DLIR not "palpably erroneous") (quoting *Waikiki Resort Hotel, Inc. v. City & County of Honolulu,* 63 Haw. 222, 242-43, 624 P.2d 1353, 1368 (1981). *See Aio v. Hamada,* 66 Haw. 401, 407, 664 P.2d 727, 731 (1983).

That the statute on its face grants very broad authority to the Commission cannot seriously be contested.[4] The Commission, in adopting Rule 7-21, construed § 281-17 to permit the abolishment of racially discriminatory practices by liquor licensees. We cannot say the Commission's construction is palpably erroneous.

Hyatt also argues that Chapter 281, to the extent that it authorizes the Commission to prohibit racial discrimination, only authorizes such prohibition to be taken with regard to discrimination involving the sale of liquor and should not be read so expansively as to authorize prohibition of discrimination involving entry upon a licensee's premises. What Hyatt fails to understand is that to deny one access to licensee's premises is to deny one the right to consummate a sale. It is apparent that Chapter 281 must be read to permit regulation of a licensee's admission policies.

B.

We are mindful that legislative grants of authority must be limited so as to ensure that "important choices of social policy are made by [the legislature], the branch of our Government most

---

[4] The broad grant of authority is evidenced throughout Chapter 281. In relevant part, § 281-91 provides: "The liquor commission may revoke any license . . . either for the violation of . . . rule or regulation . . . or for any other cause deemed sufficient by the commission." HRS § 281-91 (1985). Section 281-45 provides that the commission may refuse to grant a license to any person "not deemed by the Commission to be a fit and proper person to have a license." HRS § 281-45 (1985).

responsive to the popular will."[5] *See Industrial Union Department, AFL-CIO v. American Petroleum Institute,* 448 U.S. 607, 685, 100 S. Ct. 2844, 2886, 65 L. Ed. 2d 1010, 1061 (1980) (Rehnquist, J., concurring) (citations omitted). *See also* B. Schwartz, *Administrative Law* § 2.2, at 38 (2d ed. 1983).

The public policy of the State of Hawaii disfavoring racial discrimination is embodied in our statutes and our Constitution.[6] See *e.g.,* HRS §§ 76-44, 76-47 (civil service), 171-64 (disposition of public land), 294-33 (no-fault insurance), 304-1 (University of Hawaii), 378-2(1), 378-4 (employment practices), 515-3 (real property transactions), and 612-2 (jury duty).[7] The strength of this expressed public policy against racial discrimination is beyond question. Obviously, Rule 7-21 is entirely in accord with this policy.

### C.

On April 23, 1986, the Hawaii State Legislature enacted Act 292. The bill was signed into law by Governor Ariyoshi on May 30, 1986, and took effect the same day. Act 292, now codified as Chapter 489 of the Hawaii Revised Statutes, prohibits unfair discrimination with regard to access and use of public accommodations.[8]

---

[5] We have previously noted that a court should "not substitute its view of wise or fair legislative policy for that of the duly elected representatives of the people." *Shibuya v. Architects Hawaii, Ltd.,* 65 Haw. 26, 41, 647 P.2d 276, 286 (1982) (quoting *Schweiker v. Wilson,* 450 U.S. 221, 243 (1981) (Powell, J., dissenting) ).

[6] Article 1, section 5 of the Constitution of the State of Hawaii provides: "No person shall be deprived of life, liberty or property without due process of law, nor be denied the equal protection of the laws, nor be denied the enjoyment of the person's civil rights or be discriminated against in the exercise thereof because of race, religion, sex or ancestry." The fourteenth amendment to the United States Constitution is to a similar effect.

[7] Hyatt examines these specific instances where the legislature has expressly prohibited discrimination and argues that where the legislature intends to prohibit discrimination it does so expressly. However, the issue is not whether the legislature *intended* to prohibit discrimination when it adopted Chapter 281, but whether the legislature, in granting broad authority to the Commission, *permitted* the Commission to prohibit racial discrimination.

[8] The operative language of the statute provides: "Unfair discriminatory practices which deny, or attempt to deny, a person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation on the basis of race, sex, color, religion, ancestry or handicap are prohibited." HRS § 489-3 (Supp. 1986).

Hyatt contends that Act 292 demonstrates that the Legislature never intended to vest the Commission with the authority to adopt Rule 7-21. We have carefully examined the history and language of Act 292. We see nothing in the Act that would support Hyatt's position. Act 292 in no way diminished the strength of the public policy against racial discrimination which existed prior to its enactment. Act 292 merely provides individuals with a private cause of action.

Thus, we conclude the Commission did not exceed its authority when it adopted Rule 7-21. In our view, section 281-17's extremely broad grant of authority to the Commission, the great weight to be accorded the Commission's construction of the statute and the strong public policy of this State against racial discrimination mandate this conclusion.

## III.

A deputy corporation counsel prosecuted the case against Hyatt before the Commission. Hyatt contends that this was improper and only the city prosecutor had the authority to prosecute violations of rules established by the Commission. After a careful examination of the pertinent statutes, we find this contention to be unpersuasive. Section 281-103 specifically provides "the corporation counsel . . . shall prosecute . . . any and all actions and proceedings under the Commission's jurisdiction." HRS § 281-103 (1985).[9]

The other arguments made by Hyatt are without merit. The circuit court properly dismissed the complaint.

---

[9] The interpretation of this section urged by Hyatt would render the role of the corporation counsel meaningless and destroy the vitality of the quoted provision. Such an interpretation would, therefore, violate the cardinal rule of statutory construction to give force and effect to all parts of a statute. *See Camara v. Agsalud*, 67 Haw. 212, 215-16, 685 P.2d 794, 797 (1984) ("It is a cardinal rule of statutory construction that courts are bound, if rational and practicable, to give effect to all parts of a statute, and that no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all the words of the statute." [Citations omitted]). We further find no merit in the due process challenge raised by Hyatt.

The judgment is affirmed.

*Robert S. Katz (Perry W. Confalone* with him on the briefs) for Plaintiff-Appellant.

*Jonathan J. Chun,* Deputy Corporation Counsel, for Defendants-Appellees.