878 P.2d 169

**STATE of Hawai'i, Plaintiff–Appellant,**

v.

**William Harry FELDHACKER,
Defendant–Appellee.**

No. 16977.

Supreme Court of Hawai'i.

Aug. 16, 1994.

Gilbert P. Kea (John C. Calma with him on the brief), Deputy Pros. Attys., Lihue, for plaintiff-appellant.

William H. Feldhacker, defendant-appellee, pro se.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

KLEIN, Justice.

The Prosecution appeals from an order dismissing criminal charges against William Harry Feldhacker for driving under the influence of intoxicating liquor ("DUI") pursuant to Hawai'i Revised Statutes (HRS) § 291–4 (Supp.1992).[1] Prior to trial, the prosecutor obtained a copy of the administrative hearing decision that summarized Feldhacker's testimony at his driver's license revocation hearing. Feldhacker claimed that the prosecutor thereby violated the terms of the Notice of Administrative Revocation ("Notice"), which provided that evidence from the administrative hearing would "not be available to the Prosecutor."[2] Feldhacker moved to suppress the evidence and for dismissal of the charges. The district court agreed with Feldhacker, prompting this appeal. We reverse.

## I. *Facts*

Feldhacker was arrested on July 10, 1992 for DUI. The police informed him of the administrative revocation process pursuant to HRS chapter 286, Part XIV (Supp.1992) ("Administrative Revocation Program") and issued the required Notice pursuant to HRS § 286–255. A printed statement on the back of the Notice informed Feldhacker that

> [c]riminal charges filed pursuant to Section 291–4, HRS, may be prosecuted concurrently with this administrative action. If criminal charges are filed, all evidence from the administrative proceedings *shall not be available* to the Prosecutor.

(Emphasis added.)

After administrative review, Feldhacker's license was revoked. *See* HRS § 286–258. He then requested an administrative hearing that resulted in a rescission of the revocation because there was neither reasonable suspicion to stop Feldhacker's vehicle nor probable cause to believe that he operated the vehicle while intoxicated. *See* HRS § 286–259(e).

After the administrative process concluded, Feldhacker was criminally charged with two counts of DUI in violation of HRS § 291–4(a)(1) and (2). The parties stipulated that the prosecutor had received a copy of the Findings of Fact, Conclusions of Law, and Decision arising out of the administrative hearing ("Administrative Decision"), and that it contained evidentiary matters, including portions of Feldhacker's testimony.[3] Based on the stipulation, Feldhacker moved to dismiss the DUI charges, arguing that the Notice afforded him "use immunity." The prosecutor countered that neither HRS § 286–253(a)[4] nor the Notice provided "immunity"

---

1. HRS § 291–4 provides in pertinent part:
   (a) A person commits the offense of driving under the influence of intoxicating liquor if:
   (1) The person operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor in an amount sufficient to impair the person's normal mental faculties or ability to care for oneself and guard against casualty; or
   (2) The person operates or assumes actual physical control of the operation of any vehicle with .10 percent or more, by weight of alcohol in the person's blood.

2. The Notice was issued to Feldhacker by the police at the time of his arrest, pursuant to HRS § 286–255 (Supp.1992).

3. Regarding Feldhacker's testimony and evidence at the administrative hearing, the Administrative Decision provided:

   > The evidence is uncontroverted that the Arrestee had three scotch drinks during the evening. At the hearing Arrestee testified that he was attempting to pass the truck in front of him, but that whenever he attempted to so pass the truck in front would speed up to the point where Arrestee could not pass and Arrestee would pull back in. When Arrestee exited his vehicle his right knee would not take his weight and he stumbled a bit. [Arrestee testified that a knee surgery caused his knee to "give."]
   > Arrestee testified that he choose (sic) to take a blood test and was taken to the hospital where someone swabbed his arm with alcohol and drew his blood.

4. HRS § 286–253(a) provides:
   Criminal prosecution under section 291–4 may be commenced concurrently with administra-

to Feldhacker; furthermore, no statutory provision bars the prosecutor from receiving a copy of the Administrative Decision. The only applicable restriction concerns the admission at trial of documentary and testimonial evidence provided by the arrestee during the administrative proceedings.

The district court nevertheless granted Feldhacker's motion, finding that the Notice was a promise of "use immunity" and that the prosecutor was not entitled to request or receive the Administrative Decision. The pertinent findings of fact supporting the dismissal are: 1) The Administrative Decision includes portions of Feldhacker's testimony; 2) Feldhacker was given written notice that all evidence from the administrative proceeding *shall not be available* to the Prosecutor; and 3) the prosecuting attorney obtained the Administrative Decision. None of these findings was challenged by the Prosecution on appeal.

In its conclusions of law (COL), the district court determined that: 1) The Notice "was a 'use immunity' promise" to Feldhacker; 2) the Prosecutor "was not entitled to request, or to receive, the Administrative Hearing Opinion, and by obtaining the same, all matters contained therein became 'tainted' information;" 3) "[b]ut for the Administrative Hearing, the Prosecuting Attorney would not have obtained portions of the testimony of [Feldhacker];" 4) under *State v. Miyasaki*, 62 Haw. 269, 614 P.2d 915 (1980), "the use to which a Prosecutor would put immunized evidence is difficult, if not impossible to prove or disprove;" and 5) "the sole question for this Court is whether this subsequent criminal prosecution is related to the substance of the testimony or evidence given by [Feldhacker] at the Administrative Hearing after being advised that information would not be provided to the Prosecution; and this Court finds that it is." *Id.* These COL were assigned as points of error by the Prosecution.

tive revocation proceedings under this part; provided that documentary and testimonial evidence provided by the arrestee during the administrative proceedings *shall not be admissible* against the arrestee in any proceeding

## II. *Discussion*

Because the facts are unchallenged, the sole issue on appeal is whether Feldhacker was entitled to "immunity" from the DUI prosecution after the prosecutor obtained the record of Feldhacker's administrative hearing.

### A. *The Notice and HRS Chapter 286*

The Administrative Driver's License Revocation Office (ADLRO), under the administrative director of the courts, is charged with the implementation of the Administrative Revocation Program. *See* HRS § 286–251. Pursuant to its authority under HRS § 286–254, the ADLRO drafted the Notice that the police give to DUI arrestees. The Notice includes a statement that the evidence and testimony provided by an arrestee at the administrative hearing "shall not be available" to the prosecutor. The district court concluded that this language was a promise of "use immunity."

In isolation, the Notice language appears to prohibit the prosecutor from obtaining any evidentiary or testimonial evidence given by an arrestee during the administrative hearing. When the Notice is considered along with HRS § 286–253(a),[5] however, it is clear that there is a fundamental conflict between the phrases "shall not be available" and "shall not be admissible." Availability encompasses any access to or use of evidence both before and during trial; admissibility, on the other hand, concerns evidence actually proffered at trial.

"It is axiomatic that an administrative rule cannot contradict or conflict with the statute it attempts to implement." *Hyatt Corp. v. Honolulu Liquor Comm'n*, 69 Haw. 238, 241, 738 P.2d 1205, 1206 (1987). An agency "may not enact rules and regulations which enlarge, alter, or restrict the provisions of the act being administered." *Jacober v. Sunn*, 6 Haw.App. 160, 167, 715 P.2d 813, 819 (1986).

under section 291–4 arising out of the same occurrence.
(Emphasis added.)

5. *See supra* note 4.

■ By its clear and unambiguous language, HRS § 286–253(a) prevents the Prosecution from gaining the admission of documentary or testimonial evidence presented by an arrestee at the administrative level in a subsequent criminal prosecution. " 'Our primary duty in interpreting and applying statutes is to ascertain and give effect to the legislature's intention to the fullest degree.' " *Richardson v. City and County of Honolulu*, 76 Hawai'i 46, 68, 868 P.2d 1193, 1215 (Klein, J., dissenting) (quoting *Methven–Abreu v. Hawaiian Ins. & Guar. Co.*, 73 Haw. 385, 392, 834 P.2d 279, 284, *reconsideration denied*, 73 Haw. 625, 838 P.2d 860 (1992)), *reconsideration denied*, 76 Hawai'i 247, 871 P.2d 795 (1994). The legislative intent "is to be obtained primarily from the language contained in the statute itself." *Id.* (quoting *Kam v. Noh*, 70 Haw. 321, 324, 770 P.2d 414, 416 (1989)).[6]

■ The intent of the law is to permit side-by-side administrative and criminal proceedings: the Administrative Revocation Program was designed to co-exist with criminal DUI prosecution. The legislature spoke clearly on this subject when it enacted HRS § 286–253. The statute merely imposes an evidentiary bar; it does not prevent the Prosecution from obtaining a copy of the Administrative Decision, nor does it prohibit the Prosecution from obtaining the evidence or testimony provided by an arrestee. Thus, pursuant to HRS § 286–253, evidence presented by an arrestee during the administrative proceedings shall not be admissible against the arrestee at a subsequent criminal proceeding for DUI.

■ The Notice in the instant case, however, mistakenly enlarges the statutory limitation by rendering the Administrative Decision unavailable to the prosecutor. The ADLRO has a duty to provide clear information regarding both the administrative and criminal proceedings faced by a defendant. *See* HRS § 286–254(a)(2)–(3). Because the Notice contains an improper and erroneous statement of a defendant's rights, it is void and must be modified to comply with the requirements of HRS § 286–253.

■ To the extent that Feldhacker relied upon the Notice by giving his testimony in the administrative hearing, he is not entitled to equitable relief because he benefitted by having the matter concluded in his favor. The law and the wording of the Notice, erroneous though the latter may be, convey no grant of "use immunity" and no such immunity can fairly be implied as a remedy for Feldhacker's unreasonable reliance on the Notice.

### B. *Statutory Requirements for Granting Immunity*

■ It is clear that the statutory requirements for granting immunity, under HRS chapter 621C (1985), Witness Immunity, were not satisfied by the Notice nor could they have been. HRS § 621C–2 [7] sets out

---

6. Consideration of the legislative history supports the conclusion that evidence provided in the revocation proceeding is inadmissible in a subsequent criminal prosecution, but may nonetheless be made available to the Prosecution. *See Richardson*, 76 Hawai'i at 68–69, 868 P.2d at 1215–16 (Klein, J., dissenting) (quoting *Survivors of Medeiros v. Maui Land & Pineapple Co.*, 66 Haw. 290, 297, 660 P.2d 1316, 1321 (1983), for the proposition that it is proper to go beyond the plain meaning of a statute "to determine if a literal construction would produce an absurd or unjust result, inconsistent with the policies of the state"). In 1990, the statute initially provided that if an arrestee's license was *not revoked* at the administrative hearing, he or she could not be criminally prosecuted. If, however, the arrestee was unsuccessful at the administrative level, all evidence from the administrative hearing became available to the prosecutor. During the 1991 special legislative session, the statute was amended so that even if an arrestee's license was not revoked, he or she could nevertheless be charged criminally. At the same time, the legislature eliminated the language making evidence and testimony from the administrative hearing available to the prosecutor; in its place, the relevant statutory language was amended to provide that such evidence *would not be admissible* at the criminal trial.

7. HRS § 621C–2 provides:
   If a person has been or may be subpoenaed to testify ... in an official proceeding ... a judge of a circuit court may, upon application by the attorney general or county prosecutor, issue an order requiring the person to testify ... notwithstanding the person's refusal to do so on the basis of the person's privilege against self-incrimination. . . . The application and order shall specify whether the immunity granted under this chapter is use immunity as set forth

the authority and procedures involved in obtaining immunity from prosecution for witnesses subpoenaed to testify in an official proceeding. The process is designed to preserve the witnesses' rights against self-incrimination. However, none of the procedures were followed in the instant revocation proceeding, either prior to or after Feldhacker's testimony before the hearing officer. Feldhacker was not compelled to testify, nor did the prosecutor request a court order granting him immunity. Clearly the statutes do not confer the power to grant prosecutorial immunity from subsequent DUI prosecution upon the ADLRO. Rather, only "a judge of a circuit court may, upon *application* by the attorney general or county prosecutor, ... order ... [a] person to testify" pursuant to a grant, by the court, of immunity from subsequent prosecution. HRS § 621C–2 (emphasis added).

In any event, contrary to Feldhacker's claim that he acquired "use immunity," the only form of immunity authorized by Hawai'i law is the transactional type.[8] There is no valid statute or Hawai'i law that provides "use immunity." *See State v. Miyasaki*, 62 Haw. 269, 283–85, 614 P.2d 915, 923–24 (1980) (holding, under article I, section 10 of the Hawai'i Constitution, that HRS § 621C–3 [9] is invalid because it does not place the witness in "substantially the same position as though he had not been compelled to produce evidence"). Nonetheless, Feldhacker argues

that the Notice allows an arrestee to fully defend himself at the administrative hearing without losing his rights, under the Fifth Amendment to the United States Constitution,[10] and article 1, section 10 of the Hawai'i Constitution,[11] to remain silent and not give evidence against himself. Feldhacker claims further that this court, in *Miyasaki*, "found that the Fifth Amendment's protection applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility the one who gives it." *See Miyasaki*, 62 Haw. at 275, 614 P.2d at 919.

In *Miyasaki*, however, a defendant facing pending criminal charges was summoned to testify before the grand jury. *Id.* at 270, 614 P.2d at 916. Here, Feldhacker voluntarily testified at the administrative revocation hearing. He was clearly aware of his right to remain silent and was not compelled to testify. Although it is unfair to force testimony under a grant of use immunity as opposed to transactional immunity, *see id.* at 282–85, 614 P.2d at 923–24, constitutional protections against self-incrimination do not apply to voluntary testimony. Feldhacker's circumstances do not fit the paradigm for which the legislature created immunity from criminal prosecution.

In effect, Feldhacker seeks the imposition of a judicially-created remedy for his reliance on the misleading Notice. In light of the

in section 621C–3 or transactional immunity as set forth in section 621C–4.

8. HRS § 621C–4 defines transactional immunity as:

If a person is ordered to testify or produce a record, document, or other object under this chapter and the order specifies that the person is granted transactional immunity pursuant to this section, such person shall not be prosecuted or punished in any criminal action or proceeding for or on account of any act, transaction, matter, or thing concerning which the person is so ordered to testify or produce a record, document, or other object, except that the person may be prosecuted for perjury, for giving a false statement, or for an offense involving a failure to comply with the order.

9. Under HRS § 621C–3, use immunity is defined as:

The testimony or production that is compelled under the order, and any information directly

or indirectly derived from the testimony or production, may not be used against the person in any manner in a criminal case, except in a prosecution for perjury, for giving a false statement, or for an offense involving a failure to comply with the order; provided that such person may be prosecuted or punished for any crime so long as testimony or production that is compelled under the order, and any information directly or indirectly derived from such testimony or production, is not used against such person in such prosecution.

10. The Fifth Amendment to the United States Constitution provides, in pertinent part, "[n]o person ... shall be compelled in any Criminal Case to be a witness against himself[.]"

11. Article I, section 10 of the Hawai'i Constitution (1978) provides, in pertinent part, "[n]o person shall be ... compelled in any criminal case to be a witness against oneself."

relevant legislative pronouncements, we decline to formulate such unprecedented relief. No immunity from prosecution for DUI was ever granted and Feldhacker's erroneous assumption that he was promised immunity cannot create it. Feldhacker, who is an attorney, should have been aware of HRS § 621C–2 and realized that its requisite procedures were not followed.

### III. *Conclusion*

HRS § 286–253(a) clearly provides that an arrestee's testimony and evidence at an administrative hearing shall not be admissible in a subsequent criminal proceeding. The prosecutor is not prohibited, however, from obtaining the administrative hearing decision. The trial court incorrectly concluded that the misleading Notice was a promise of immunity. We therefore vacate the order of dismissal and remand for trial on the DUI charge.